IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDNETDAILY.COM, INC., <br> 14501 George Carter Way <br> Chantilly, VA 20151 <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W., <br> Washington, DC 20530-0001, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff WorldNetDaily.com, Inc. ("WND") brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff WND is an independent news company incorporated under the laws of Delaware with a place of business located at 14501 George Carter Way, Chantilly, VA 20151.

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue,

N.W., Washington, DC 20530-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 4, 2014, Plaintiff sent a FOIA request to Defendant seeking access to the following public information: "all materials used in the investigation by the Washington, D.C. Metropolitan Police Department, and reviewed by the U.S. Attorney's Office for the District of Columbia, into the October, 3, 2013 fatal shooting of Miriam Carey by uniformed agents of the U.S. Secret Service and officers of the U.S. Capitol Police Department."  Plaintiff also requested "the final report and findings of that investigation."

6. The date range for this request is from October 3, 2013 to August 4, 2014.

7. By letter dated August 22, 2014, Defendant acknowledged receiving Plaintiff's request on August 4, 2014 and assigned the request number FOIA-2014-03711.

8. On August 26, 2014, Plaintiff sent an email correspondence to Sonja Whitaker at the U.S. Attorney's Executive Office explaining that WND had requested an exemption to the fees associated with its FOIA request, but that "we have no problem paying any fees that may arise, and would not like such a matter to impede the processing of our request."

9. By letter dated September 17, 2014, Defendant denied Plaintiff's request for a fee waiver or reduction of fees pursuant to 28 CFR §16.11.  Defendant informed Plaintiff that payment for accumulated charges, including duplication fees at "$0.10 per page after the first 100 pages which are free," would be required before the agency would release documents.

10. By letter dated October 7, 2014, Defendant notified Plaintiff that it was "currently searching for documents responsive to your FOIA/PA request, and we have reached the two hours of search time provided to you at no charge.  We estimate that an additional three hours

will be required to complete the search for the records you requested." At $28 per hour, Defendant estimated completion of Plaintiff's request would result in "a fee for search time of $84.00." Additionally, Defendant noted that there was "approximately two boxes and 100 compact disks that contain documents that are potentially responsive to your request," noting that duplication of documents after the first 100 pages would be charged at $0.10 per page.

11. Defendant informed Plaintiff that pursuant to Department of Justice Regulation 28 CFR 16.11(e), Plaintiff must agree to pay anticipated fees amounting to more than $25.00 before Defendant would continue any further work on Plaintiff's request.

12. By email correspondence dated October 7, 2014, Plaintiff communicated to Defendant that "[WND] would like to obtain, and pay for, all documents that pertain to [WND's] request."

13. By email correspondence dated October 8, 2014, Defendant acknowledged Plaintiff's commitment to pay the necessary fees.

14. By email correspondence dated October 21, 2014, Plaintiff submitted a completed fee letter specifically indicating that it agreed to pay the search fee of $84.00.

15. By email correspondence dated October 21, 2014, Landis McEachin (Contractor/Management Analyst II), FOIA Staff/EOUSA, CGI/Stanley & Associates, acknowledged receipt of Plaintiff's fee letter submission and stated that it was sufficient to continue the search on Plaintiff's request.

16. By email correspondence dated November 25, 2014, in response to Plaintiff's November 21, 2014 and November 24, 2014 inquiries into the status of its FOIA request, Defendant informed Plaintiff that its request was still pending and that Defendant "will advise you on the status of your request once we hear back from the district."

17. By email correspondence dated March 19, 2015, Defendant informed Plaintiff that its request "is waiting to be assigned and processed by a paralegal as are other requests that are before yours."

18. Defendant has failed to provide Plaintiff with requested documents. It has been over eight (8) months since Plaintiff submitted its FOIA request and nearly six (6) months since Defendant acknowledged and accepted as sufficient Plaintiff's commitment to pay any and all search fees and duplication charges related to its request.

19. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination was due by September 1, 2014 at the latest.

20. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

21. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

22. Plaintiff realleges paragraphs 1 through 21 as if fully stated herein.

23. Defendant is violating FOIA by unlawfully withholding records responsive to Plaintiff's August 27, 2014 request.

24. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 14, 2015                                  Respectfully submitted,

                                                        JUDICIAL WATCH, INC.

                                                        */s/ Paul J. Orfanedes*
                                                        Paul J. Orfanedes
                                                        D.C. Bar No. 429716
                                                        425 Third Street SW, Suite 800
                                                        Washington, DC  20024
                                                        (202) 646-5172

                                                        *Counsel for Plaintiff*